*Bigger & Moss, for appellee.*

---

## J. E. WOODWARD v. H. & S. C. HOOK, Etc.

**Pleadings — Personal Acts of Defendant — Want of Knowledge — Defense.**

Where the personal acts of the defendant are alleged and relied upon as the facts constituting the cause of action against him, he cannot set up a want of knowledge or information as a defense.

**Sufficient Answer — Demurrer.**

The allegations in an answer that defendant had no recollection of the transaction alleged, and that his books containing his memorandum were taken out of his possession, was sufficient to put the plaintiff on his proof of the allegations in his petition.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

January 10, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

When the personal acts of the defendant are alleged and relied upon as the facts constituting a cause of action against him he cannot set up a want of knowledge or information sufficient to

form a belief as to their existence as a defense. Nor are the matters alleged in the answer by way of avoidance and defense to the action. But appellant states that he had no recollection that appellees had brought any tobacco to Paducah nor that he had taken any tobacco of theirs under his supervision and management, and further states that his books and memoranda which he kept in relation to the tobacco and cotton over which he took supervision, as he calls it, were removed from the State by Gen. Paine, and he could not have access to them, thus putting in issue by a sufficient denial the facts that appellees had any tobacco in Paducah, upon which he did or could have collected the illegal charges alleged to have been collected by him. These material facts having been traversed by the answer the demurrer to it was improperly sustained. Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer to the answer, and for further proceedings consistent with this opinion.